


# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | BK. NO. LA 07-11878 SB |
| Michael Goldstein & Bridget Agabra Goldstein, | Chapter 11 |
| Debtors. | **OPINION ON APPOINTING DIVORCE COUNSEL** |
| | DATE: April 25, 2007<br>TIME: 11:00 a.m.<br>CRTRM.: 1575 (Roybal) |

1

## I. Introduction

This case involves two debtors, husband and wife, who filed a joint chapter 11 bankruptcy petition and applied for authorization to employ their respective divorce counsel to perform legal services in relation to their marital dissolution proceeding pending in state court. The court, after a hearing on notice, granted both motions to authorize employment of the divorce counsel pursuant to § 327(e)[1] on the grounds that divorce counsel's services were for a specified special purpose and that the services were for the benefit of their two bankruptcy estates.

## II. Relevant Facts

Michael Goldstein ("Michael") and Bridget Goldstein ("Bridget") jointly filed a chapter 11 petition. The joint debtors are in the process of seeking a dissolution of their marriage. Each party retained divorce counsel[2] before the filing of the bankruptcy petition and counsel for both parties have performed legal services in relation to the divorce proceeding prior to the filing of the bankruptcy petition.[3]

On the same day that the joint debtors filed their bankruptcy petition, bankruptcy counsel for the debtors filed two motions for authorization to employ divorce counsel. Debtors stated on their employment applications that they each need divorce counsel's services to advise the debtors concerning divorce issues that may arise from the bankruptcy case and to complete the dissolution process without interfering with the administration of the bankruptcy case. Both motions were heard on April 25, 2007 and were subsequently granted.

## III. Analysis

### A. Section 1115(a)

Prior to the Bankruptcy Abuse Prevention Consumer Protection Act of 2005 ("BAPCPA"), the postpetition earnings of a chapter 11 debtor did not become property of the bankruptcy estate. A chapter 11 debtor thus could use postpetition earnings for a variety of purposes, including living expenses and paying for divorce counsel.

In consequence, pre-BAPCPA case law took a restrictive view on the extent to which estate funds could be used to compensate divorce counsel. For example, in *In re Colin*, 27 B.R. 87, 89 (Bankr. S.D.N.Y. 1983), a chapter 11 debtor was permitted to retain special counsel for marital dissolution so long as the services concerned the dissolution of marriage as well as the disposition of estate property. *Id.* However, only professional services relating to the disposition of estate property were reimbursable from the bankruptcy estate. In contrast, services relating to the marital dissolution could not be reimbursed from the estate. *Id.* The *Colin* court required special divorce counsel to prepare professional fee applications in detail so that the court could distinguish between

---

[1] Unless otherwise indicated, all chapters, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036.

[2] In support of their motions, both debtors have submitted the respective retainer agreements for each of the divorce counsel as evidence of the existence of an employment agreement.

[3] Michael retained Ms. Rebecca J. Thyne as divorce counsel and Ms. Thyne's firm has received $6,874.50 for pre-petition legal services performed in relation to the dissolution proceeding. Bridget retained Helms & Myers as divorce counsel and the firm has received $7,911.00 for pre-petition legal services performed in relation to the dissolution proceeding.

2

legal services relating to the disposition of estate property and representation concerning the marriage dissolution. *Id.*

BAPCPA made a fundamental change in how postpetition divorce actions (and many other expenses in an individual's chapter 11 case) can be funded. Section 1115(a), which BAPCPA added to the bankruptcy code, provides in relevant part:

> [i]n a case in which the debtor is an individual, property of the estate, in addition to the property specified in section 541 –
>
> (1) all property of the kind specified in section 541[4] that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first; and
>
> (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first.

Thus § 1115(a) gives rise to a new issue that individual chapter 11 debtors have never faced before, because it deprives most individual debtors of any non-estate assets that can be used for any purpose. Essentially all property that an individual debtor obtains while the chapter 11 case is pending is now property of the bankruptcy estate (unless the debtor has the good fortune of having non-estate property, which is unlikely in most cases). Now, individual chapter 11 debtors are no longer permitted to use their post-petition income to pay divorce counsel unless such an expense is authorized for property of the bankruptcy estate.[5]

If the employment and payment for divorce counsel were in the ordinary course of business, these transactions would likely be authorized by 363(c), which provides that a debtor in possession (whom § 1107 grants most of the powers of a trustee) "may enter into transactions . . . in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing." This provision authorizes a debtor to buy bread and probably to purchase a ticket to travel to a court hearing. However, the hiring of divorce counsel is not typically a transaction in the ordinary course of business.

If the filing of a joint petition creates a single bankruptcy estate, § 1115(a) would appear to prevent individual chapter 11 debtors from paying for their divorce. However, preventing a debtor from retaining counsel to get a divorce is not one of the purposes of the bankruptcy code. Furthermore, it is not at all clear that

---

[4] Section 541 broadly defines property of the estate to include "all legal and equitable interests" of the debtor in property at the date of the filing of the bankruptcy petition (with certain exceptions not relevant here).

[5] It is not even clear whether the confirmation of a chapter 11 plan can relieve a debtor of the impact of § 1115. While § 1141(b) provides that the confirmation of a plan "vests all of the property of the estate in the debtor," and thus removes it from the estate (unless the plan or the confirmation order provides otherwise), § 1115 apparently provides that the debtor's post-confirmation earnings continue to be property of the estate until the case is closed (or converted or dismissed).

3

a joint petition creates a single bankruptcy estate.

### B. Joint Case – One Estate or Two?

The analysis in this case is complicated (and perhaps simplified) by the fact that this is a joint case, with two debtors who are still spouses. No joint cases may be filed with a single petition under the bankruptcy code except where the debtors are spouses.[6] See § 302.

It is not clear under the bankruptcy code whether the filing of a joint petition creates one or two estates. Section 541(a) seems to favor the "one estate" alternative, under which a joint filing creates a single pool of assets from which the debts of both individuals will be paid. That section states in relevant part, "[t]he commencement of a case under section 301, 302, or 303 of this title creates *an estate*" (emphasis added). If the filing of a case under § 302 creates two separate estates, this should be recognized in the language of § 541, but it is not.

Further support for the "one estate" analysis appears in § 541(a)(2), which includes in a debtor's estate, "[a]ll interests of the debtor and the debtor's spouse in community property as of the commencement of the case . . . ." If a joint petition under § 302 creates two separate estates, there is nothing in § 541 (or elsewhere in the bankruptcy code) to determine which estate receives the community property in a community property state, such as California.[7]

On the other hand, the language of § 302 favors a "two estate" analysis. This section provides for the court to determine the extent, if any, to which the debtor's estates resulting from the joint filing should be consolidated. The legislative history states:

> Subsection (b) requires the court to determine the extent, if any, to which the estates of the two debtors will be consolidated; that is, assets and liabilities combined in a single pool to pay creditors. Factors that will be relevant in the court's determination include the extent of jointly held property and the amount of jointly-owed debts.

See S. REP. NO. 95-989, *reprinted in* 1978 U.S.C.C.A.N. 5818. In further support of the "two estate" analysis, Collier states, "the filing of a joint petition does not in and of itself create a single pool of assets out of which all creditors of the two individuals will be paid, but merely allows the two estates to be jointly administered." See 2 COLLIER ON BANKRUPTCY ¶ 302.01 (15th ed. rev. 2007).

The "two estate" analysis is further supported by Rule 1015(b), which provides in relevant part, "[i]f a joint petition . . . [is] pending . . . by . . . a husband and wife . . . the court may order a joint administration of the estates." In addition, Rule 1015(c) provides in relevant part, "[w]hen an order for consolidation or joint administration of a joint case . . . is entered pursuant to this rule, while protecting the rights of the parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay." 11 U.S.C. § 302(b) (2007); FED. BANKR. R. 1015(a); *see also In re* Estrada, 224 B.R. 132, 134 (Bankr. S.D. Cal. 1998) ("the joint petition . . . creates two separate bankruptcy estates"); *In re* Hicks, 300 B.R. 372, 376 (Bankr. D. Idaho 2003) ("the filing of a joint petition actually creates two estates, not one."); *In re* Leys, 49 B.R. 852, 853 (Bankr. E.D. Wis. 1985) ("[t]he filing of a

---

[6]Debtors with other relationships, such as parent corporation and subsidiary, a partnership and one or more of its partners, or a limited partnership and its general partner, may proceed as joint cases upon approval of the court. *See* Rule 1015(b).

[7]It appears that this particular problem does not arise in those states where community property is not the marital regime.

4

joint petition by a husband and wife does *not* create a joint bankruptcy estate.")

The Collier treatise supports this analysis. Generally, Collier states, the estates of a husband and wife filing a joint case should not be consolidated "when the creditors of one estate will benefit to the detriment of the other and when the affairs and assets of the couple are not so intermingled as to prevent the efficient administration of the estates if they are co-administered." COLLIER, *supra*, ¶ 302.6. The typical practice in the Central District of California is to administer jointly the two separate bankruptcy estates when a husband and wife file a joint bankruptcy petition for the ease of administration and judicial economy.

Adding support to the "two estate" analysis, Rule 1015(b) further provides, "[p]rior to entering an order [for joint administration] the court shall give consideration to protecting creditors of different estates against potential conflicts of interest." No potential conflicts of interest would arise if a joint petition creates a single joint estate.

The court does not perceive itself to be in a position to resolve for all purposes the issue of whether a joint petition creates one or two bankruptcy estates. However, it may not be necessary to decide this issue on a global basis. For some purposes, it may be appropriate to consider that a joint petition creates a single bankruptcy estate, and two estates for other purposes.

In the context before the court, however, the proper resolution is clearer. Where the interests of two joint debtors are at odds with each other, such as where they intend to divorce each other, the interests of the respective spouses differ in many respects. The court concludes that, for purposes related to the divorce proceedings, the estates should be treated as separate for each spouse.

This "two estate" resolution in this context facilitates the finding required that the employment of legal counsel by each spouse separately to proceed with the divorce is in the best interests of their respective estates. Michael and Bridget filed a joint bankruptcy petition which created two separate estates. It necessarily follows that the dissolution of their marriage will require the division of their marital property in order to dispose of the two bankruptcy estates at the conclusion of their chapter 11 plan of reorganization. Thereafter, a judicial determination of their respective community or separate property is required in order to dispose of the two bankruptcy estates.

### C. Section 327(e)

Section 327(e) authorizes a trustee to employ special counsel if (1) employment is for a specified special purpose, (2) it is in the best interest of the estate and (3) counsel does not hold any interest that is adverse to the debtor[8] with respect to the matter in which counsel is to be employed.[9] *In re* Black & White Cab Co., 175 B.R. 24, 25 (Bankr. E.D. Ark. 1994); *In re* Brennan, 187 B.R. 135, 155 (Bankr. D.N.J. 1995), *rev'd on other grounds*, 180 F.3d 504 (Bankr. D.N.J. 1995).

---

[8] Section 327(e) provides:

> [t]he trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

[9] It is uncontested that the each divorce counsel herein neither holds nor represents any interest adverse to the debtor for whom such counsel are to be employed.

5

### 1. Specified Special Purpose

An attorney is authorized to perform legal services as special counsel in a bankruptcy case when the attorney is employed with court approval for a specified special purpose that would be beneficial to the bankruptcy estate. See § 327(e) (2007). Typically, special counsel is appropriate when an attorney is employed to handle a specific legal action that is unrelated to the reorganization and the attorney is particularly suited for that action. In re Warner, 141 B.R. 762 (Bankr. M.D. Fla. 1992).

Further, when counsel is very familiar with the non-bankruptcy litigation because counsel has previously performed legal services for the debtor; it is obvious that the continuation of counsel's special services is in the best interest of the estate. In re Black & White Cab Co., 175 B.R. at 26. Special counsel's familiarity with a case would expedite the process of resolving matters and will lead to advantages for the estate and the creditors. Id. (special counsel's familiarity with the case assisted in resolving the matter more expeditiously and all parties agreed that if the investigation was delayed, it would lead to a greater risk of non payment to creditors); In re Brennan, 187 B.R. at 155 ("[a]ny substitute counsel would be required to duplicate a great deal of [counsel's] efforts at this point, at a substantial expense to the estate."). "Moreover, the 'specified special purpose' requirement serves the important policy of avoiding an unnecessary duplication of services at the further expense of the estate." In re NRG Resource, Inc., 64 B.R. 643, 647 (Bankr. W.D. La. 1986).

In the case at bar, divorce counsel for the joint debtors were retained as special counsel to perform legal services for their marital dissolution prior to the filing of the bankruptcy petition. Since divorce counsel have already performed legal services in the divorce case, they are already familiar with the facts of the case. To continue to retain them as divorce counsel would avoid any unnecessary expenses and duplicated efforts from newly retained counsel.

Moreover, the divorce counsel for both debtors in this case is particularly appropriate. Counsel for both debtors are family law specialists and both have had more than twenty years of experience in family law practice.[10] Similar to any other specialized non-bankruptcy litigation where expertise is necessary; divorce litigation requires counsel with expertise in family law. Therefore, allowing the debtors to retain special divorce counsel is appropriate in order to allow the debtors to proceed with their marital dissolution.

### 2. Best Interest of the Estates

In order for the court to authorize employment for special divorce counsel, a debtor must show that such employment is for the benefit of the estate and not for the debtor's personal benefit. In re Warner, 141 B.R. at 762; see also In re Black & White Cab Co., 175 B.R. at 26. In this case, authorizing each joint debtor to employ respective divorce counsel is in the best interest of the two estates involved in this case. Employing special divorce counsel will assist the debtors in resolving their differences in their marital dissolution and in disentangling their domestic lives during the bankruptcy proceeding. Without the assistance of their respective divorce counsel, Michael and Bridget will remain legally married and will not be able to dissolve their marriage.

### IV. Conclusion

---

[10] Evidence of their respective divorce counsel's experience is evidence by each of their firm resumes submitted in support of the motions. Michael's divorce counsel focuses on family law issues and has more than twenty years of experience in family law. Bridget's divorce counsel has been certified in the first class of family lawyers since 1980.

6

For the foregoing reasons, the motions for order authorizing the joint debtors to employ divorce counsel are both granted pursuant to § 327(e).

DATED: June 29, 2007

_____
SAMUEL L. BUFFORD
UNITED STATES BANKRUPTCY JUDGE

## CERTIFICATE OF MAILING

I certify that a true copy of this OPINION ON APPOINTING DIVORCE COUNSEL was mailed on ~~June~~, 2007 to the parties listed below:

JUL - 2 2007

Michael Goldstein
1975 Liliano Drive
Sierra Madre, California 91024

Bridge Goldstein
5259 Gould Avenue
La Canada, California 91011

David A. Tilem, Esq.
Law Offices of David A. Tilem
206 North Jackson Street
Suite 201
Glendale, California 91206

Rebecca J. Thyne, Esq.
Lagerlof, Senecal, Gosney & Kruse, LLP
301 North Lake Avenue
10th Floor
Pasadena, California 91101-4108

U.S. Trustee's Office
725 South Figueroa Street
Suite 2600
Los Angeles, California 90017

DATED: JUL - 2 2007

_____
Deputy Clerk

8